**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00414-RJC
(3:18-cr-00025-RJC-DCK-1)**

| | |
|---|---|
| **TAMMY DENISE SMITH,** ) | |
| ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] and Petitioner's Amended Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 3].

**I.     BACKGROUND**

On May 17, 2017, Petitioner Tammy Denise Smith ("Petitioner") was charged in an eight-count Bill of Indictment, along with three co-defendants, with one count of drug trafficking conspiracy involving five kilograms or more of cocaine, all in violation of 21 U.S.C. §§ 841(a)(1) and 846 and one count of possession of a firearm in furtherance of drug trafficking as charged in Count One, in violation of 18 U.S.C. § 924(c) ("§ 924(c) charge"). [Criminal Case No. 3:17-cr-00137-RJC-DCK, Doc. 37: Indictment]. On January 24, 2018, Petitioner was charged in a Bill of Information with one count of drug trafficking conspiracy, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One). [Criminal Case No. 3:18-cr-00025-RJC-DCK ("CR"), Doc. 1]. On the same day, Petitioner and the Government entered into a Plea Agreement, pursuant to which Petitioner agreed to plead guilty to Count One in the Bill of Information and the Government

agreed to dismiss the § 924(c) charge in the original Indictment in Criminal Case No. 3:17-cr-137. [CR Doc. 3 at 1: Plea Agreement].

On January 26, 2018, Petitioner pleaded guilty to Count One in accordance with the Plea Agreement. [CR Doc. 6: Acceptance and Entry of Guilty Plea]. The Plea Agreement provides, among other things, that pursuant to Rule 11(c)(1)(B), the parties agree to jointly recommend that the Court make the following findings and conclusions as to the U.S.S.G.:

> a. The amount of cocaine base ("crack cocaine") that was known to or reasonably foreseeable by the Defendant was in excess of two hundred and eighty grams but less than eight hundred forty (840) grams, resulting in a base offense level of 30.
>
> b. The Defendant agrees that the Defendant should receive a 2-level weapon enhancement pursuant to U.S.S.G. § 2D1.1(b)(1). The Defendant further agrees that the Defendant is not eligible for the "safety valve" pursuant to 18 U.S. Code §3553(f) and U.S.S.G. §§ 2D1.1(b)(17) and 5C1.2.
>
> …
>
> f. Having fully considered the factors set forth in 18 U.S.C. § 3553(a), the parties agree that the appropriate sentence is one within "the applicable guideline range" (U.S.S.G. § 5C1.1) determined by the district court at sentencing and that a sentence within that range is sufficient but not greater than necessary. Neither party will seek a departure or variance from that range.

[CR Doc. 3 at 2-3]. The Plea Agreement also includes an express waiver by Petitioner of her rights to contest her conviction and/or sentence under Section 2255 except for claims of ineffective assistance of counsel or prosecutorial misconduct. [CR Doc. 3 at 5].

A Factual Basis was filed with the Plea Agreement in accordance with Rule 11(b)(3) of the Federal Rules of Criminal Procedure. In the Plea Agreement, Petitioner stipulated that she had read and understood the Factual Basis and that it may be used by the Court and the United States Probation Office without objection by the Petitioner to determine the applicable advisory guideline

range or the appropriate sentence under 18 U.S.C. § 3553(a). [Id. at 4-5]. The Factual Basis, in addition to setting forth facts in support of Petitioner's guilty to plea to Count One states: "On April 26, 2017, law enforcement executed several federal search warrants in this investigation. At Defendant Tammy SMITH's residence, they found, among other things, suspected cocaine, two firearms, and, in her purse, $1,214 in U.S. currency." [CR Doc. 2 at 1-2].

On October 1, 2018, Petitioner's sentencing hearing was held. Before her sentencing hearing, a probation officer prepared a Presentence Report. [CR Doc. 18]. The probation officer noted the parties' agreement "that a two-level enhancement is applicable pursuant to USSG §2D.1(b)(1)" and that "[n]either party will seek a departure or variance from the applicable guidelines in this case." [Id. at ¶ 3]. The probation officer recommended a Base Offense Level of 30 and a 2-point firearm enhancement under U.S.S.G. §2D1.1(b)(1). [Id. at ¶¶ 20-21]. With adjustments for Petitioner's role in the offense and acceptance of responsibility, Petitioner's Total Offense Level (TOL) was 27. [Id. at ¶¶ 23, 27-29]. Petitioner had a Criminal History Category of IV. [Id. at 46]. The probation officer noted the statutory minimum term of imprisonment for Petitioner's offense was 5 years and the maximum term was 40 years. [Id. at ¶ 75]. The probation officer, based on a TOL of 27 and Criminal History Category IV, recommended a guideline imprisonment range of 100 to 125 months. [Id. at ¶ 76]. The Court adopted the PSR with one modification to Petitioner's criminal history computation that did not change Petitioner's total criminal history points or category. [CR Doc. 24 at 1: Statement of Reasons]. The Court sentenced Petitioner to a term of imprisonment of 100 months. [CR Doc. 23 at 2: Judgment]. Judgment on this conviction was entered on October 26, 2018. [Id.]. Petitioner did not file a direct appeal of her conviction.

On August 23, 2019, Petitioner file a motion to vacate sentence under 28 U.S.C. § 2255, arguing that recent Supreme Court decisions, including United States v. Davis, Johnson v. United States, and Sessions v. Dimaya, contain new rules of constitutional law that were previously unavailable and now render the 2-point firearm enhancement applied in Petitioner's sentencing improper. [Doc. 1]. Although difficult to follow, it seems Petitioner argues that because the Supreme Court "struck down the definition of 'crime of violence' in the 924(c)" and because "elements of the crime of violence are used in determining whether to apply the two (2) point enhancement for a firearm under Guideline 2D1.1," then Petitioner's sentence based in part on this enhancement is improper. [See id. at 1-2]. Petitioner argues, "a reasonable jury would not have found that the defendant engaged in conduct that posed a substantial risk of violence, this making 2D1 vague in violation of the defendant's Due Process." [Id. at 3]. Petitioner also seems to now refute that the firearm was found in her residence. [Id. at 2]. Petitioner, however, failed to sign this petition under penalty of perjury and the Court, therefore, ordered that she resubmit her petition signed under penalty of perjury and on the proper form. [See Doc. 1 at 4; Doc. 2].

On September 16, 2019, Petitioner submitted an Amended Section 2255 motion to vacate on the proper form and signed under penalty of perjury, but did not restate her grounds for relief or any supporting facts other than to say, "Claim contains new rule of constitutional law, made retroactive to cases on collateral review by U.S. Supreme Court that was previously unavailable." [Doc. 3 at 5]. The Court, therefore, for Petitioner's benefit, considers both Petitioner's original Section 2255 motion and her Amended Section 2255 motion collectively in determining the cognizability of her claim on initial review.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After conducting an initial screening and examining the record in this matter, the Court finds that the Petitioner has not asserted a colorable claim for relief cognizable under § 2255(a) and the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Court will deny and dismiss the Petitioner's Section 2255 motion to vacate on initial review because Petitioner has failed to present a cognizable claim. See Rule 4(b) of the Rules Governing Section 2255 Proceedings.

The recent Supreme Court decisions cited by Petitioner do not inform the application of the firearm enhancement under U.S.S.G. § 2D1.1(b)(1). Here, Petitioner was charged in the original Indictment with possession of a firearm in furtherance of a drug trafficking conspiracy in violation of § 924(c). The Government agreed to dismiss that charge in exchange for the Petitioner's agreement to plead guilty to Count One in the Bill of Information in the later-filed criminal matter. The fact of the conduct that supported the § 924(c) charge, that is, possession of a firearm in relation to the underlying offense, remained. It is the possession of the firearm in relation to Petitioner's offense of conviction that supported the application of the 2-point firearm enhancement under U.S.S.G. § 2D1.1(b)(1). Further, Petitioner expressly acknowledged and agreed to both the fact of the conduct in the Factual Basis and the application of the firearm

enhancement in her Plea Agreement. [CR Doc. 3 at ¶¶ 8(b), 15; CR Doc. 2 at 2]. The application of the enhancement was in no way based on a finding of an underlying "crime of violence," as Petitioner contends. [See Doc. 1 at 2].

Petitioner also clearly and unmistakably waived the right to challenge her conviction or sentence other than for claims of ineffective assistance of counsel and prosecutorial misconduct, neither of which she asserts here, in any event. See United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005). Also, Petitioner's bare assertion that the firearm was actually found at the residence of friend has no consequence in the context of this motion. Petitioner cannot now refute evidence that she knowingly and voluntarily accepted could be used in the determination of her sentence. [See CR Doc. 2 at ¶ 8; CR Doc. 3 at ¶¶ 8(b), 15; CR Doc. 18 at ¶ 3].

The Court will, therefore, deny and dismiss Petitioner's Section 2255 motion because she has failed to state a cognizable claim.

## IV. CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's Section 2255 Motion to Vacate.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] and Petitioner's Amended Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 3] are **DENIED** and **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable

jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: October 23, 2019

Robert J. Conrad, Jr.
United States District Judge